# EXHIBIT Q



**UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS**

September 19, 2025

**By email only to:** RHur@kslaw.com (counsel for Harvard University)

President Alan Garber
Harvard University
Cambridge, MA

Re:     Harvard University - OCR Compliance Review 01-25-6001
        Denial of Access

Dear Dr. Garber:

The U.S. Department of Education (Department), Office for Civil Rights (OCR) issues this Denial of Access letter pursuant to Section 603 of OCR's Case Processing Manual (CPM).

On May 2, 2025, OCR opened a compliance review examining whether Harvard University discriminates against applicants and potential applicants on the basis of race in its undergraduate admissions process. OCR enforces Title VI of the Civil Rights Act of 1964 (Title VI), 42 U.S.C. §§ 2000d-2000d-7, and its implementing regulation, 34 C.F.R. Part 100, which prohibit discrimination on the basis of race, color, or national origin under any program or activity receiving federal financial assistance from the Department. As a recipient of federal financial assistance from the Department, Harvard must comply with Title VI and its implementing regulation.

The regulation implementing Title VI, at 34 C.F.R. § 100.6(b) and (c), requires that a recipient of federal financial assistance make available to OCR information that may be pertinent to reaching a compliance determination. In addition, in accordance with the regulation implementing the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, at 34 C.F.R. § 99.31(a)(3)(iii), and the Title VI regulation at 34 C.F.R. § 100.6(c), OCR may review personally identifiable records without regard to considerations of privacy or confidentiality.

Pursuant to Section 603 of the CPM, a recipient denies access to OCR when it, among other things, "[f]ails to provide information by virtue of the refusal of one of its employees to do so or to provide access to information maintained exclusively by an employee in his/her official capacity."

On May 2, 2025, OCR sent Harvard an amended information request including 18 interrogatories and 17 requests for documents.  On June 17, 2025, Harvard responded by letter including a narrative with information regarding changes in its admissions policies and practices, changes made to the admissions process, its efforts to train admissions staff, and limited

OCR Compliance Review 01-25-6001
Page **2** of **3**

undergraduate admissions information. Harvard also provided 489 pages of documentation with its response. OCR reviewed the response to OCR's amended request for information and determined that most responses were deficient or wholly unresponsive to OCR's requests.

On July 17, 2025, OCR sent Harvard a letter detailing its effort to obtain the requested information and restated its request for the information from Harvard's June 17 response. OCR detailed the information that Harvard omitted in its response. Specifically, OCR requested supplemental responses to interrogatories 1, 2, 6, 10, and 12, and full responses to interrogatories 3, 4, 5, 8, 9, 11, and 13 through 18.  OCR also requested supplemental responses to document requests 1, 6, 8, 10, 11, and 12, and full responses to document requests 2, 3, 4, 7, 9, and 13 through 17. This also included OCR's initial request that Harvard, in response to any request for documents or information regarding actual or perceived race, national origin, shared ancestry, ethnic characteristics, or diversity, should include documents and information pertaining to being or perceived as being Jewish. OCR requested the information be provided by July 31, 2025.

On July 31, 2025, Harvard responded by letter objecting to OCR's requests for information and stating it had provided information sufficient to demonstrate Harvard's compliance with Title VI. Harvard's July 31 response provided 32 pages of documentation only partially responsive to document request 12 and did not respond to any interrogatories. OCR reviewed Harvard's response and determined it remains deficient and unresponsive to OCR's requests. Furthermore, Harvard's response does not indicate any intention to provide further information or documentation responsive to OCR's requests.

OCR has determined that despite its efforts, Harvard has refused to provide the requested information necessary for OCR to make a compliance determination. Harvard has the duty to provide information to OCR necessary to determine compliance status on those issues under investigation. OCR, not the recipient, decides what information is relevant to a determination of compliance.  A continued refusal to submit the requested information and materials will constitute a violation of 34 C.F.R. § 100.6(b), which requires a recipient to "submit" to OCR "timely, complete and accurate compliance reports at such times, and in such form and containing such information" as OCR "may determine is necessary to enable [it] to ascertain whether the recipient has complied or is complying with" the regulations implementing Title VI. If Harvard does not voluntarily provide OCR with access to the requested information and materials **within 20 calendar days of this letter**, OCR will issue a Letter of Impending Enforcement Action to initiate the OCR's enforcement action process, consistent with the requirements of Article VI of the CPM.

This letter is not intended and should not be interpreted to address the compliance of the University with any other regulatory provision or to address any issues other than those addressed in this letter. This letter sets forth OCR's determination in this case; it is not a formal statement of OCR policy and should not be relied upon, cited or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public.

Under the Freedom of Information Act (FOIA), it may be necessary to release this document and

OCR Compliance Review 01-25-6001
Page **3** of **3**

related correspondence and records upon request. If OCR receives such a request, OCR will seek to protect, to the extent provided by law, personally identifiable information that could reasonably be expected to constitute an unwarranted invasion of personal privacy if released.

Please be advised that the University must not harass, coerce, intimidate, discriminate, or otherwise retaliate against any individual because that individual asserts a right or privilege under a law enforced by OCR or files a complaint, testifies, assists, or participates in a proceeding under a law enforced by OCR.  If this happens, the individual may file a retaliation complaint with OCR.

If your staff has any questions regarding this letter, please contact Michael Bennett, Compliance Team Leader, at 202-987-1396 or michael.bennett@ed.gov.

Sincerely,


Jana Erickson
Program Manager