# EXHIBIT R



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS**

March 23, 2026

**By email only to:** RHur@kslaw.com (counsel for Harvard University)

President Alan Garber
Harvard University
Cambridge, MA

Re:    Harvard University - OCR Compliance Review 01-25-6001
       Letter of Impending Enforcement Action

Dear Dr. Garber:

The U.S. Department of Education (Department), Office for Civil Rights (OCR) issues this Letter of Impending Enforcement Action pursuant to Section 603 of OCR's Case Processing Manual (CPM).

On May 2, 2025, OCR opened a compliance review examining whether Harvard University discriminates against applicants and potential applicants on the basis of race in its undergraduate admissions process. OCR enforces Title VI of the Civil Rights Act of 1964 (Title VI), 42 U.S.C. §§ 2000d-2000d-7, and its implementing regulation, 34 C.F.R. Part 100, which prohibit discrimination on the basis of race, color, or national origin under any program or activity receiving federal financial assistance from the Department. As a recipient of federal financial assistance from the Department, Harvard must comply with Title VI and its implementing regulation.

The regulation implementing Title VI, at 34 C.F.R. § 100.6(b) and (c), requires that a recipient of federal financial assistance make available to OCR information that may be pertinent to reaching a compliance determination. In addition, in accordance with the regulation implementing the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, at 34 C.F.R. § 99.31(a)(3)(iii), and the Title VI regulation at 34 C.F.R. § 100.6(c), OCR may review personally identifiable records without regard to considerations of privacy or confidentiality.

Pursuant to Section 603 of the CPM, a recipient denies access to OCR when it, among other things, "[f]ails to provide information by virtue of the refusal of one of its employees to do so or to provide access to information maintained exclusively by an employee in his/her official capacity." Section 603 of the CPM states that "[w]here attempts to persuade the recipient to provide access have failed, OCR must send a letter to the recipient that sets forth in detail the evidence (e.g., documents, data, other information, witnesses) to which the recipient denied OCR access and specifies the efforts that OCR has made to obtain the evidence." Section 603 states further that "[i]f the recipient does not voluntarily provide OCR with access to the requested

OCR Compliance Review 01-25-6001
Page **2** of **3**

evidence within 30 calendar days of OCR's issuance of the letter to recipient, OCR will issue a Letter of Impending Enforcement Action."

On May 2, 2025, OCR sent Harvard an amended information request including 18 interrogatories and 17 requests for documents. On June 17, 2025, Harvard responded by letter including a narrative with information regarding changes in its admissions policies and practices, changes made to the admissions process, its efforts to train admissions staff, and limited undergraduate admissions information. Harvard also provided 489 pages of documentation with its response. OCR reviewed the response to OCR's amended request for information and determined that most responses were deficient or wholly unresponsive to OCR's requests.

On July 17, 2025, OCR sent Harvard a letter detailing its efforts to obtain the requested information and restated its request for the information from Harvard's June 17 response. OCR detailed the information that Harvard omitted in its response. Specifically, OCR requested supplemental responses to interrogatories 1, 2, 6, 10, and 12, and full responses to interrogatories 3, 4, 5, 8, 9, 11, and 13 through 18. OCR also requested supplemental responses to document requests 1, 6, 8, 10, 11, and 12, and full responses to document requests 2, 3, 4, 7, 9, and 13 through 17. This also included OCR's initial request that Harvard, in response to any request for documents or information regarding actual or perceived race, national origin, shared ancestry, ethnic characteristics, or diversity, should include documents and information pertaining to being or perceived as being Jewish. OCR requested the information be provided by July 31, 2025.

On July 31, 2025, Harvard responded by letter objecting to OCR's requests for information and stating it had provided information sufficient to demonstrate Harvard's compliance with Title VI. Harvard's July 31 response provided 32 pages of documentation only partially responsive to document request 12 and did not respond to any interrogatories. OCR reviewed Harvard's response and determined it remains deficient and unresponsive to OCR's requests. Furthermore, Harvard's response did not indicate any intention to provide further information or documentation responsive to OCR's requests.

On September 19, 2025, OCR sent Harvard a Denial of Access Letter stating that despite OCR's efforts, Harvard had refused to provide the requested information necessary for OCR to make a compliance determination. The Denial of Access Letter informed Harvard that a continued refusal to submit the requested information and materials will constitute a violation of 34 C.F.R. § 100.6(b), which requires a recipient to "submit to [OCR] timely, complete and accurate compliance reports at such times, and in such form and containing such information as [OCR] may determine to be necessary to enable [it] to ascertain whether the recipient has complied or is complying with" the regulations implementing Title VI. This letter informed Harvard that OCR would issue a Letter of Impending Enforcement Action to initiate OCR's enforcement action process after the expiration of 20 calendar days unless Harvard provided the requested information and materials.

To date, Harvard has not responded to OCR's Denial of Access Letter and has not provided the requested information necessary for OCR to make a compliance determination. In accordance with the CPM, OCR is issuing this Letter of Impending Enforcement Action as a result of

OCR Compliance Review 01-25-6001
Page **3** of **3**

Harvard's failure to provide the requested information. Based on Harvard's failure to provide access to the requested evidence, OCR will either: (1) initiate administrative proceedings to suspend, terminate, or refuse to grant or continue and defer financial assistance from funds made available through the Department to the recipient; or (2) refer the case to DOJ for judicial proceedings to enforce any rights of the United States under any law of the United States.  OCR will take this action **after 20 calendar days from the date of this letter** if access to the requested documentation and information is not fully provided.

This letter is not intended and should not be interpreted to address the compliance of Harvard with any other regulatory provision or to address any issues other than those addressed in this letter. This letter sets forth OCR's determination in this case; it is not a formal statement of OCR policy and should not be relied upon, cited or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public.

Under the Freedom of Information Act (FOIA), it may be necessary to release this document and related correspondence and records upon request. If OCR receives such a request, OCR will seek to protect, to the extent provided by law, personally identifiable information that could reasonably be expected to constitute an unwarranted invasion of personal privacy if released.

Please be advised that Harvard must not harass, coerce, intimidate, discriminate, or otherwise retaliate against any individual because that individual asserts a right or privilege under a law enforced by OCR or files a complaint, testifies, assists, or participates in a proceeding under a law enforced by OCR. If this happens, the individual may file a retaliation complaint with OCR.

If your staff has any questions regarding this letter, please contact Michael Bennett, Compliance Team Leader, at 202-987-1396 or michael.bennett@ed.gov.

Sincerely,

Sterling Thomas
Regional Director