# EXHIBIT T

Hon. Harmeet K. Dhillon
April 24, 2026



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

April 24, 2026

The Honorable Harmeet K. Dhillon
Assistant Attorney General
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

 **Re:** Harvard University

Dear Assistant Attorney General Dhillon:

I write to refer to the United States Department of Justice (DOJ) Harvard University's refusal to provide to the United States Department of Education's (the Department) Office for Civil Rights (OCR) the data necessary for OCR to determine whether the University has failed to comply with the requirements of Title VI of the Civil Rights Act of 1964 and its implementing regulation.

On May 2, 2025, OCR opened a compliance review examining whether Harvard University discriminates against applicants and potential applicants on the basis of race in its undergraduate admissions process. OCR enforces Title VI of the Civil Rights Act of 1964 (Title VI), 42 U.S.C. §§ 2000d-2000d-7, and its implementing regulation, 34 C.F.R. Part 100, which prohibit discrimination on the basis of race, color, or national origin under any program or activity receiving federal financial assistance from the Department.

The regulation implementing Title VI, at 34 C.F.R. § 100.6(b) and (c), requires that a recipient of federal financial assistance make available to OCR information that may be pertinent to reaching a compliance determination. In order to determine whether the University is in compliance with Title VI, OCR must examine and analyze data concerning individual applicants by their race/ethnicity.

On May 2, 2025, OCR sent Harvard an information request including interrogatories and requests for documents. On June 17, 2025, Harvard responded by letter including a narrative with information regarding changes in its admissions policies and

Hon. Harmeet K. Dhillon
April 24, 2026

practices, changes made to the admissions process, its efforts to train admissions staff, and limited undergraduate admissions information. Harvard also provided 489 pages of documentation with its response. OCR reviewed the response to OCR's amended request for information and determined that most responses were deficient or wholly unresponsive to OCR's requests.

On July 17, 2025, OCR sent Harvard a letter detailing its efforts to obtain the requested information and restated its request for the information from Harvard's June 17 response. OCR detailed the information that Harvard omitted in its response. OCR requested the information be provided by July 31, 2025.

On July 31, 2025, Harvard responded by letter objecting to OCR's requests for information and stating it had provided sufficient information to demonstrate Harvard's compliance with Title VI. OCR reviewed Harvard's response, including 32 pages of documentation only partially responsive to one document request, and determined it was deficient and unresponsive to OCR's requests. Furthermore, Harvard's response did not indicate any intention to provide further information or documentation responsive to OCR's requests.

On September 19, 2025, OCR sent Harvard a Denial of Access Letter stating that despite OCR's efforts, Harvard had refused to provide the requested information necessary for OCR to make a compliance determination. The Denial of Access Letter informed Harvard that a continued refusal to submit the requested information and materials will constitute a violation of 34 C.F.R. § 100.6(b), which requires a recipient to "submit to [OCR] timely, complete and accurate compliance reports at such times, and in such form and containing such information as [OCR] may determine to be necessary to enable [it] to ascertain whether the recipient has complied or is complying with" the regulations implementing Title VI. This letter informed Harvard that OCR would issue a Letter of Impending Enforcement Action to initiate OCR's enforcement action process unless Harvard provided the requested information and materials.

Harvard did not respond to the Denial of Access Letter. On March 23, 2026, OCR issued a Letter of Impending Enforcement Action in which it informed the University that it will "refer the case to DOJ for judicial proceedings to enforce any rights of the United States under any law of the United States. OCR will take this action after 20 calendar days from the date of this letter if access to the requested documentation and information is not fully provided." By letter dated April 12, 2026, Harvard reiterated its objection to OCR's request for information, including data concerning the race/ethnicity of individual applicants to the University, and the 63 pages of documentation it provided were not responsive in this regard.

The Department therefore requests and recommends that DOJ commence judicial

proceedings against Harvard University for refusing to provide to OCR the data necessary to determine the University's compliance with Title VI and its implementing regulation.

The Department refers this matter to DOJ pursuant to 34 C.F.R. § 100.8(a) and 34 C.F.R. § 106.81, which provide for an action to effectuate compliance through administrative hearing or "any other means authorized by law." The Department's implementing regulation states:

> (a) General. If there appears to be a failure or threatened failure to comply with this regulation, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by . . . any other means authorized by law. Such other means may include, but are not limited to, (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States . . . or any assurance or other contractual undertaking . . . .

> ***

> (d) Other means authorized by law. No action to effect compliance by any other means authorized by law shall be taken until:

> (1) the responsible Department official has determined that compliance cannot be secured by voluntary means,
> (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and
> (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days additional efforts shall be made to persuade the recipient or other person to comply with the regulation and to take such corrective action as may be appropriate.

34 C.F.R. § 100.8(a) and (d).

Hon. Harmeet K. Dhillon
April 24, 2026

I enclose copies of OCR's Letter of Impending Enforcement Action and Harvard's letter in response.  OCR's files are available for your review if you need further information or supporting documentation for this case.

Please let me know if you have any questions. The Department looks forward to working with you on this matter.

Sincerely,

Kimberly Richey
Assistant Secretary for Civil Rights
United States Department of Education

Enclosures